1 **WANGER JONES HELSLEY PC**
2 265 East River Park Circle, Suite 310
Fresno, California 93720
3 Telephone: (559) 233-4800
Facsimile: (559) 233-9330
4
5 John P. Kinsey #215916
jkinsey@wjhattorneys.com
6 Kathleen D. DeVaney #156444
kdevaney@wjhattorneys.com
7 Ian J. Quinn #342754
iquinn@wjhattorneys.com
8
9 Attorneys for:    Defendant TSB Ag, Inc.

10                **UNITED STATES DISTRICT COURT**

11                **EASTERN DISTRICT OF CALIFORNIA**

12
13 BANK OF AMERICA, N.A., a national banking association,

14                Plaintiff,

15        v.

16 CAPITAL MED FARMS, LLC, a California limited liability company; GOLDEN STATE
17 FARM CREDIT, FLCA, a federal Farm Credit System institution; GOOD EARTH
18 PARTNERS LP, a California limited partnership; JIM TRAYNHAM, an individual;
19 JAMIE TRAYNHAM, an individual; MF FARMS, INC., a California agricultural
20 collective; NAVA FARMS, INC., a California corporation; PACIFIC REALTY
21 ASSOCIATES, L.P. dba M&T CHICO RANCH, a Delaware limited partnership;
22 RANDOLPH SALVESON, an individual; SIERRA ORCHARDS, L.P., a California
23 limited partnership; and TSB AG INC., a
24 California Corporation; AFFENTRANGER FARMS, LLC, a California limited liability
25 company; ALLEN JASCHKE, an individual;
26

27

28

Case No.: 2:24-cv-02309-CKD

**TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY**

Action Filed: August 23, 2024

Date: March 20, 2025
Time: 1:30 a.m.
Courtroom: 10

1  BARRIOS BROS., INC., a California
2  corporation; CHARLES HERMLE FARMS,
   INC., a California corporation; DANNA
3  FARMS INC., a California corporation;
   DARREL PARSLEY, an individual; FEDORA
4  FARMS, INC., a California corporation;
   GRACIE BELLE FARMS, LLC, a California
5  limited liability company; JERRY M. SEIBERT
   FARMS, INC, a California corporation.; JOE
6  YEUNG FARMS, INC., a California
7  corporation; JUST FARMS LP, a California
   limited partnership; LINDAUER FARM
8  MANAGEMENT, INC., a California
   corporation; LLANO SECO MEATS, LLC, a
9  California limited liability company; M & C
   MYERS, INC. dba MYERS SEED, a California
10 corporation; MARY TRAYNHAM, an
11 individual; MUMMA BROTHERS, a general
   partnership; NOR CAL NUT CO, a California
12 corporation; PB ORCHARDS, LLC, a
   California limited liability company; PEARSON
13 FARMS, a general partnership; PUTAH
   CREEK FARMING CO., a California
14 corporation; RIVER VISTA FARMS LLC, a
   California limited liability company;
15 ROMINGER BROTHERS FARMS, INC., a
16 California corporation; STRAIN FARMING
   JOINT VENTURE, L.P., a California limited
17 partnership; and ZANE AMARO d/b/a ZANE
18 AMARO FARMS, an individual,

19              Defendants.

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................7

II.  YOUNGER ABSTENTION.................................................................8

    A.  Interference – Same Practical Effect as a Formal Injunction Would Have ........8

    B.  Implicates State Interests – Important and Unsettled Issues of State Law .....10

    C.  Interest of California in Enforcing its Judgments and Orders .........................11

    D.  That Bank of America is Not a Party to Sacramento Suit is Not Dispositive ...11

III.  COLORADO RIVER ABSTENTION .................................................12

    A.  Forum Shopping .........................................................................12

    B.  Claims are Parallel Here – Substantially Similar Claims .................................12

    C.  Whether Parallel State Proceeding Will End the Litigation.............................13

    D.  Piecemeal Litigation ........................................................................14

    E.  Whether State Forum Will Protect Federal Rights; Not Vice Versa ...............14

IV.  BRILLHART / WILTON ABSTENTION ............................................15

    A.  Governing Principles – Judicial Administration; Comity; Fairness .................15

    B.  Brillhart Factors; Plus Other Considerations ..................................................15

    C.  Needless Determination of State Law Issues, Especially Novel Issues..........16

    D.  Declaratory Judgment Actions – Unnecessary Entanglement .......................17

    E.  Forum Shopping .....................................................................18

    F.  Parallel Actions .......................................................................19

V.  FAILURE TO JOIN NECESSARY PARTIES – 12(B)(7).............................................20

VI.  CONCLUSION................................................................................20

TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY

4925-8529-1550, v. 1

## <u>TABLE OF AUTHORITIES</u>

### Cases

<u>Page(s)</u>

*Advent, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*,
  No. 13-CV-00561-LHK, 2013 WL 3483742 (N.D. Cal. July 8, 2013) ............................... 18

*Alaska Airlines, Inc. v. Schurke*,
  No. C11-0616JLR, 2013 WL 1898209 (W.D. Wash. May 6, 2013) ................................. 19

*Allstate Insurance Co. v. Davis*,
  430 F.Supp.2d 1112 (D. Haw. 2006) ............................................................................. 17

*AmerisourceBergen Corp. v. Roden*,
  495 F.3d 1143 (9th Cir. 2007) ................................................................................. 9, 10

*Argonaut Ins. Co. v. St. Francis Med. Ctr.*,
  17 F.4th 1276 (9th Cir. 2021) ....................................................................................... 15

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.*,
  800 F.2d 325 (2d Cir.1986) ........................................................................................... 14

*Brillhart v. Excess Ins. Co.*,
  316 U.S. 491 (1942) ............................................................................... 15, 16, 17, 18

*Burlington Ins. Co. v. Panacorp, Inc.*,
  758 F. Supp. 2d 1121 (D. Haw. 2010) .................................................................. 9, 10, 16

*Calvert Fire Ins. Co. v. American Mut. Reins. Co.*,
  600 F.2d 1228 (7th Cir.1979) ....................................................................................... 13

*Carrillo v. Cnty. of Santa Cruz*,
  No. 20-CV-06973-BLF, 2021 WL 796335 (N.D. Cal. Mar. 2, 2021) ................................... 9

*Chamberlain v. Allstate Ins. Co.*,
  931 F.2d 1361 (9th Cir. 1991) ................................................................................. 15, 16

*Colorado River Water Conservation District v. United States*,
  424 U.S. 800 (1976) ............................................................................................... 12, 13

*Continental Cas. Co. v. Robsac Industries*,
  947 F.2d 1367 (9th Cir. 1991) ........................................................................... 16, 17, 19

*Delaware Life Ins. Co. v. Alexander*,
  No. SACV2001667CJCDFMX, 2021 WL 6499940 (C.D. Cal. Dec. 15, 2021) ................ 17

*Doran v. Salem Inn*,
  422 U.S. 922 (1975) ..................................................................................................... 11

*Ernest Bock, LLC v. Steelman*,
  76 F.4th 827 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024) .............................. 13, 14

*Evanger's Dog & Cat Food Co., Inc. v. Env't Democracy Project*,
  No. CV 21-08489-RSWL-ASX, 2022 WL 1592828 (C.D. Cal. May 18, 2022) ................ 19

*Evanston Ins. Co. v. Harrison*,
  No. 220CV01672WBSKJN, 2020 WL 6784463 (E.D. Cal. Nov. 18, 2020) ..................... 16

4

TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY

4925-8529-1550, v. 1

## TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

### Cases (continued)

*Gemini Ins. Co. v. Clever Constr., Inc.*,
  Civ. No. 09–00290 ................................................................................................ 19

*Gen. Star Indem. Co. v. JRK Prop. Holdings, Inc.*,
  No. CV 21-5287-DMG, 2021 WL 6618475 (C.D. Cal. Dec. 28, 2021) ........................... 19

*Gilbertson v. Albright*,
  381 F.3d 965 (9th Cir. 2004) .............................................................................. 8, 9

*Golden Eagle Ins. Co. v. Travelers Companies*,
  103 F.3d 750, 754 (9th Cir. 1996) .......................................................................... 19

*Gov't Emps. Ins. Co. v. Dizol*,
  133 F.3d 1220 (9th Cir. 1998) .................................................................. 15, 16, 17G

*Green v. City of Tucson*,
  255 F.3d 1086 (9th Cir. 2001) ......................................................................... 11, 12

*Hicks v. Miranda*,
  422 U.S. 332 (1975) ........................................................................................... 11

*Huth v. Hartford Ins. Co. of the Midwest*,
  298 F.3d 800 (9th Cir. 2002) .......................................................................... 18, 19

*In re GVF Cannery, Inc.*,
  202 B.R. 140 (N.D. Cal. 1996) ........................................................ 8, 10, 17, 19

*Int'l Ass'n of Entrepreneurs of Am. v. Angoff*,
  58 F.3d 1266 (8th Cir. 1995) ............................................................................... 19

*Intel Corp. v. Advanced Micro Devices, Inc.*,
  12 F.3d 908 (9th Cir. 1993) ................................................................................. 13

*Keown v. Tudor Ins. Co.*,
  621 F. Supp. 2d 1025 (D. Haw. 2008) ............................................................... 16, 19

*Lumen Const., Inc. v. Brant Const. Co.*,
  780 F.2d 691 (7th Cir. 1985) ............................................................................... 13

*Maryland Cas. Co. v. Witherspoon*,
  993 F. Supp. 2d 1178 (C.D. Cal. 2014) ................................................................. 17

*Mendocino Ry. v. Ainsworth*,
  113 F.4th 1181 (9th Cir. 2024) ....................................................................... 13, 14

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*,
  457 U.S. 423 (1982) ............................................................................................ 8

*Mitcheson v. Harris*,
  955 F.2d 235 (4th Cir.1992) ................................................................................ 17

# TABLE OF AUTHORITIES (CONTINUED)

**Page(s)**

### Cases (continued)

*Montanore Mins. Corp. v. Bakie*,
   867 F.3d 1160 (9th Cir. 2017) .................................................................12, 14

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
   460 U.S. 1 (1983)................................................................................. 14

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) .............................................................. 12, 13

*N.E. Ins. Co. v. Masonmar, Inc.*,
   No. 1:13–cv–00364 AWI SAB, 2013 WL 2474682 (E.D. Cal. Jun. 7, 2013) ................... 16

*Progressive Cas. Ins. Co. v. Dalton*,
   No. 2:12-CV-00713-MCE, 2012 WL 6088313 (E.D. Cal. Dec. 6, 2012).......................... 16

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011)................................................................14

*Seneca Ins. Co., Inc. v. Strange Land, Inc.*,
   862 F.3d 835 (9th Cir. 2017) ............................................................ 12, 13

*Travelers Indem. Co. v. Madonna*,
   914 F.2d 1364 (9th Cir. 1990) .............................................................. 14

*United States v. State Water Res. Control Bd.*,
   988 F.3d 1194 (9th Cir. 2021) ............................................................ 12, 13

*Vasquez v. Rackauckas*,
   734 F.3d 1025 (9th Cir. 2013) ................................................................ 9

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995).......................................................................... 15, 18

*Younger v. Harris*,
   401 U.S. 37 (1971)................................................................ 8, 9, 10, 11, 12

### Statutes

California Food and Agriculture Code sections 55631, 55632 ............................................. 11

### Other Authorities

California Federal Rules of Civil Procedure 12........................................................ 7

6

Defendant TSB Ag Inc. ("TSB") submits this reply ("Reply") in response to Plaintiff Bank of America, N.A.'s ("Plaintiff") Opposition to TSB Ag, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition"), and in support of TSB's Motion to Dismiss Plaintiff's First Amended Complaint for Declaratory Judgment Pursuant to Federal Rules of Civil Procedure 12(b)(6) and (b)(7) or, in the Alternative, Motion for Stay ("Motion").

After TSB filed the Motion, a group of growers represented by Downey Brand filed a motion to dismiss ("Downey Brand Motion") the First Amended Complaint, asserting arguments similar to those made in the Motion.

## I.    <u>INTRODUCTION</u>

Plaintiff argues that no lawsuit pending in state court will resolve all the lien disputes between parties to this declaratory judgment action.  Plaintiff further argues that the instant action is not parallel to any of the state proceedings for this very same reason.  Plaintiff asserts it did not forum shop because it filed the instant action before the Downey Brand Motion was filed.  Plaintiff asserts that this is a 'one-off' dispute between Plaintiff and several growers, and, for that reason, the issues in this case do not implicate important state interests.  Finally, Plaintiff asserts the issue of whether a producer's lien can be waived or subordinated is neither an unsettled issue of state law nor an issue which would best be decided by a state court (i.e., on principles of comity).

First, Plaintiff ignores the fact that Plaintiff stated it would intervene in the Sacramento County producer's lien foreclosure action.  Second, even if Plaintiff did not intervene, TSB can still bring Plaintiff and other producer's lien claimants into that lawsuit.  Third, Plaintiff chose to stipulate to a receivership in state court in Tehama County, but now seeks to resolve in federal court issues in and to the receivership 'res' that are within the jurisdiction of the state court. Fourth, Plaintiff seemingly implies the receiver is indifferent as to when and whether lien disputes are resolved.  Fifth, Plaintiff ignores the fact that the instant lien priority dispute concerns the very same lien TSB is seeking to foreclose in the Sacramento County action. Sixth, Plaintiff ignores the fact that if this court makes a sweeping proclamation as to subordination or waiver of producer's liens, it will have a substantial affect on growers of crops

7

TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY

4925-8529-1550, v. 1

1    and the entire agricultural industry in California.  Seventh, Plaintiff asserts *GVF Cannery* would

2    only be persuasive authority, not binding (in either state superior court or federal district court)

3    but yet, asserts the waiver/subordination issue is not an unsettled issue of state law.

4         Plaintiff engaged in forum shopping by bringing the instant suit in federal court.  The

5    underlying Sacramento County action is sufficiently parallel to the instant federal dispute.  If

6    this court issues a declaratory judgment as to lien priority, that order will effectively enjoin the

7    Sacramento County action.  This federal suit will create unnecessary entanglement between

8    the federal courts and the receivership action in Tehama County.  The issue of waiver and

9    subordination of producer's liens is an unsettled issue of state law in California—and this issue

10   will have major implications for the state's economy.  For the foregoing reasons, this cases

11   should either be dismissed or stayed so the parties can litigate their disputes in state court.

12   **II.    YOUNGER ABSTENTION**

13        **A.    Interference – Same Practical Effect as a Formal Injunction Would Have**

14        The fifth Younger factor assesses whether permitting the federal suit to proceed to

15   declaratory judgment would have the same practical effect as a formal injunction would have.

16   *Gilbertson* recognized: "federal courts should also refrain from exercising jurisdiction in actions

17   for declaratory relief because declaratory relief has the same practical impact as injunctive

18   relief on a pending state proceeding as a result of the preclusive effect of the federal court

19   judgment . . . ."  *Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004).  "[I]nterference with

20   state proceedings is at the core of the comity concern that animates Younger. . . . [citations]

21   In this sense, interference is undoubtedly the reason for *Younger* restraint, or the end result to

22   be avoided. . . . the Supreme Court has never required that interference be 'direct' . . . It did

23   not do so in *Middlesex*. Rather, by posing the three–part inquiry that we refer to as 'the

24   *Middlesex* test,' the Court was consolidating its jurisprudence on when Younger applies to

25   state proceedings that are noncriminal in nature."  *Id.* at 976-77.  "[W]e shall no longer require

26   "direct interference" as a condition, or threshold element, of Younger abstention."  *Id.* at 978.

27   Here, granting declaratory relief in favor of Plaintiff will have the practical effect of an injunction

28   as to TSB's Sacramento action.

"[A]bstention to avoid concurrent, duplicative litigation is available in some very limited circumstances—in particular, when the requested relief in federal court is a declaratory judgment . . . as long as the action requested of the federal court . . . does not enjoin or 'have the practical effect of' enjoining the ongoing state court proceedings—here, California's post-judgment proceedings in *Roden v. BBC*—then abstention is not warranted." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151–52 (9th Cir. 2007). "When evaluating whether interests were 'intertwined,' *Vasquez* found that Younger abstention was not appropriate when 'the relief sought in federal court would not disturb the validity of the [state court] Order as to any of the parties against whom it issued.'" *Carrillo v. Cnty. of Santa Cruz*, No. 20-CV-06973-BLF, 2021 WL 796335, at *5 (N.D. Cal. Mar. 2, 2021) (quoting *Vasquez v. Rackauckas*, 734 F.3d 1025, 1035-36 (9th Cir. 2013)). Here, granting declaratory relief would disturb the validity of any order permitting foreclosure entered in the Sacramento County action.

"*Gilbertson* emphasized that if a declaration is 'to be res judicata . . . the federal court has virtually lifted the case out of the State [court] before it could be heard.' [citation] 'Thus . . . preclusion rules give a declaration of rights *the same real effect on* a pending state proceeding as an injunction.'" *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1137 (D. Haw. 2010) (quoting *Gilbertson*, 381 F.3d at 971). "Accordingly, *Gilbertson* held that *Younger* applies where there is interference that 'would have the same practical effect on the state proceeding as a formal injunction,' and, further, that '[p]reclusion rules may be relevant to determining the practical effect of a federal court's relief.'" *Burlington.*, 758 F. Supp. 2d at 1137 (quoting *Gilbertson*, 381 F.3d at 977-78).

Here, permitting the federal case to proceed to a declaratory judgment would have the same practical effect as an injunction because adjudicating lien priority, where the debtor (here, ASSI), does not have enough funds on hand to pay both lienholders, is a de facto injunction as to TSB's Sacramento County suit to foreclose on its 2022 producer's lien rights.

///

///

**B.    Implicates State Interests – Important and Unsettled Issues of State Law**

One of the *Younger* factors assesses whether the case implicates unsettled issues of state law: "The Court finds that the instant federal action implicates important state interests. . . . this is not a 'classic 'one off' case.'  Resolution of the instant federal action would have a significant effect on other cases and would bristle with the comity concerns underlying this *Younger* requirement. [Citation] This is because Burlington's federal claims raise several important and unsettled issues of state law." *Burlington*, 758 F. Supp. 2d at 1132.  The *Burlington* court went on to cabin the reasoning from *AmerisourceBergen* and to distinguish declaratory judgment suits from other litigation:

> The Court is unpersuaded by Burlington's argument that *AmerisourceBergen* mandates a contrary result.  The Court is mindful of *AmerisourceBergen's* discussion of how the Ninth Circuit and the Supreme Court have "rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court merely because whichever court rules first will, via the doctrines of res judicata and collateral estoppel, preclude the other from deciding that claim or issue." [Citation].  In the course of this discussion, however, *AmerisourceBergen* explicitly stated that "abstention to avoid concurrent, duplicative litigation is available in some very limited circumstances—*in particular, when the requested relief in federal court is a declaratory judgment.*"

*Burlington*, 758 F. Supp. 2d at 1136 (quoting *AmerisourceBergen*, 495 F.3d at 1151) (emphasis in original).  Here, Plaintiff seeks a declaratory judgment in federal court.

California is the largest producer of agricultural products in the nation.  Farmers depend on the rights afforded them by California's Producer's Lien statutes.  Contrary to Plaintiff's assertion, no court has specifically held that a producer's lien can be waived.  The *GVF Cannery* case dealt with subordination issues; and, there is nothing preventing this court from distinguishing *GVF Cannery* based on the factual discrepancies between the cases.  This issue cannot be 'viewed in a vacuum.'  This case is distinctly not like *GVF Cannery* because in that case only one grower's lien was at issue. Here, there are dozens of growers with producer's liens.  This fact alone defeats the argument this is a 'one-off dispute.'  The state courts should decide the scope of California's Producer's Lien law when there is a parallel set of proceedings in state court.

**C.    Interest of California in Enforcing its Judgments and Orders**

A lien, practically speaking in many contexts, has the same force and effect as a judgment.  In many cases, a lien that is validly perfected will trump later judgments and court orders.  Here, the Producer's Lien statute provides that such liens are perfected automatically upon delivery, with no further action necessary to perfect same (as opposed to PACA rights under federal law). Cal. Food  Agric. Code §§ 55631, 55632.  The cases cited hereinabove stand for the proposition that the larger the effects a decision will have on the judicial system, the more likely courts are to order dismissal or abstention.  The federal court deciding unsettled state law (as applied to the scope and effect of Producer's Liens under California law), especially if this court were to hold that Producer's Liens can be waived, would affect every grower in the state, not just the parties to the instant suit.  That would effectively adjudicate rights equivalent to, and in most cases, superior to, judgment rights (i.e., perfected lien rights).

Plaintiff spills much ink articulating the argument that determining the validity of a Producer's Lien under California law is a 'one-off' case, and would <u>not</u> go to the heart of the State Judiciary arm's procedures for issuing and enforcing orders.  But, in practical reality, that is just not true.  If this Court were to issue an  order as to subordination or waiver, or, if this case were appealed, were such proclamation to come from a Court of Appeal, that order would go to the very heart of the effectiveness of Producer's Liens, i.e., the issuance of, or recognition of, lien rights under California law.

**D.    That Bank of America is Not a Party to Sacramento Suit is Not Dispositive**

Bank of America cites to case law for the proposition that only under a narrow set of circumstances will *Younger* abstention be permitted when there is not identity of issues <u>and</u> parties between the state and federal cases.  But *Green* confirms that in narrow cases, where the interests are so intertwined such as to make entanglement inevitable, *Younger* abstention may be appropriate:

> . . . *Hicks* and *Doran* circumscribe the quite limited circumstances under which *Younger* may oust a district court of jurisdiction over a case where the plaintiff is not a party to an ongoing state proceeding: Congruence of interests is not enough, nor is identity of counsel, but a party whose interest is ***so intertwined***

1    ***with those of the state court party*** that direct interference with the state court
2    proceeding is inevitable may, under *Younger,* not proceed.

3    *Green v. City of Tucson*, 255 F.3d 1086, 1100 (9th Cir. 2001).  TSB asserts the interests of
4    TSB and Plaintiff are so intertwined that direct interference with the Sacramento County
5    proceeding is inevitable.

6    **III.    COLORADO RIVER ABSTENTION**

7    **A.    Forum Shopping**

8    One of the *Colorado River* factors considers whether Plaintiff 'forum shopped': "'If [the
9    party] pursued suit in a new forum after facing setbacks in the original proceeding, this factor
10   may weigh in favor of a stay.' *Montanore Minerals*, 867 F.3d at 1169 (citation and internal
11   quotation marks omitted). However, '[I't typically does not constitute forum shopping where a
12   party acted within his rights in filing a suit in the forum of his choice.' *Seneca Ins.*, 862 F.3d at
13   846." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1206 (9th Cir. 2021).

14   As stated above, Plaintiff was a driving force in the issuance of the receivership order,
15   and, thus, selecting Tehama County as a forum for relief.  Plaintiff should have filed the instant
16   suit in Tehama County because that court has jurisdiction over the assets in which the parties
17   assert lien rights and Tehama County is the proper and ideal forum to adjudicate lien disputes.
18   The Tehama County court appointed the receiver who is responsible for distributing the
19   property that is the subject of the instant lien dispute.  There is no reason why the pending
20   suits filed by growers as to producer's lien rights, including the Sacramento County suit, cannot
21   (or should not) be consolidated in a single forum—namely, Tehama County Superior Court.

22   **B.    Claims are Parallel Here – Substantially Similar Claims**

23   "Though 'exact parallelism . . . is not required,' substantial similarity of claims is
24   necessary before abstention is available."  *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862
25   F.3d 835, 845 (9th Cir. 2017) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.
26   1989)).  "In short, the *adequacy* factor pertains to whether there is an impediment to the state
27   court protecting the litigants' federal rights, while the *parallelism* factor considers whether the
28   parallel proceedings address 'substantially similar' claims. Each factor is more relevant when

it counsels against abstention, because while inadequacy of the state forum or insufficient parallelism may preclude abstention, the alternatives never compel abstention." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 845 (9th Cir. 2017) (emphasis added). "We should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1416–17 (9th Cir. 1989) (citing *Lumen Constr.,* 780 F.2d at 695–96; *Calvert Fire Ins. Co. v. American Mut. Reins. Co.,* 600 F.2d 1228, 1233 (7th Cir.1979)).

The instant dispute is a direct 'spin-off' from the Tehama County receivership case and the Sacramento County producer's lien foreclosure case. This is not some separate breach of contract suit between Plaintiff and TSB. The claims are sufficiently parallel to meet this factor, and, as set forth in *Seneca*, has more relevance in this case because it favors abstention.

### C.    Whether Parallel State Proceeding Will End the Litigation

Another *Colorado River* factor assesses whether parallel state proceedings will end the litigation in federal court: "The district court could not have had 'full confidence that the parallel state proceeding will end the litigation.' [citation] 'Since we find that there exists a substantial doubt as to whether the state court proceedings will resolve all of the disputed issues in this case, it is unnecessary for us to weigh the other factors included in the *Colorado River* analysis.'" *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1208 (9th Cir. 2021) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n. 7 (9th Cir. 1993)). "Although there is a theoretical possibility the State Action will not fully resolve the Federal Action, there does not appear to be a realistic probability that a federal controversy will remain after the state proceedings are complete." *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1192 (9th Cir. 2024). "*Ernest Bock* did not abrogate our prior precedent. [citation] The 'binary outcomes' scenario at issue in *Ernest Bock* is not present here. [citation] . . . The state and federal proceedings here are sufficiently parallel such that there is <u>no substantial doubt</u> the State Action will completely resolve the Federal Action." *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1192 (9th Cir. 2024) (emphasis added).

1      This is where Plaintiff's line of reasoning departs from the key issues in this case. A

2 state court judgment permitting TSB to foreclose on its producer's lien rights would effectively

3 undercut Plaintiff's lien rights as to ASSI's property (in the amount of the producer's lien rights

4 so adjudicated). Is Plaintiff implying that in the Sacramento County suit, ASSI will not

5 interplead Plaintiff, and that Plaintiff would not plead into the suit and assert its rights as a

6 superior lienholder? If Plaintiff is joined as a party to the TSB suit (which Plaintiff is seemingly

7 inviting by way of its Opposition to the Motion), then resolving the declaratory judgment issue

8 in state court will resolve the issues in TSB's state court foreclosure proceeding.

9      **D.    Piecemeal Litigation**

10      "However, we have also found the potential for piecemeal litigation to favor a stay when

11 concurrent cases would resolve common questions that could result in 'waste [of] judicial

12 resources and cause confusion in the continuing disputes between the parties.'" *Mendocino*

13 *Ry. v. Ainsworth*, 113 F.4th 1181, 1189 (9th Cir. 2024) (citing *Ernest Bock*, 76 F.4th at 837;

14 *R.R. Street*, 656 F.3d at 979–80; *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1168 (9th

15 Cir. 2017).

16      Based on the dockets and filings in the four suits brought by growers represented by

17 Boutin Jones, all four cases have been (or shortly will be) transferred to Tehama County

18 Superior Court. *See* Request for Judicial Notice in Support of TSB's Reply, at Exhibits 1-8.

19      **E.    Whether State Forum Will Protect Federal Rights; Not Vice Versa**

20      Another factor assesses whether "the federal forum is inadequate; . . . [litigant] does not

21 correctly apply this factor. This factor involves the *state* court's adequacy to protect *federal*

22 rights, not the federal court's adequacy to protect state rights." *Travelers Indem. Co. v.*

23 *Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) (citing *Cone,* 460 U.S. at 26, 103 S.Ct. at 942).

24 "This factor . . . is more important when it weighs in favor of federal jurisdiction." *Id.* (quoting

25 *Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,* 800 F.2d 325, 328 (2d Cir.1986)).

26      The state court can adequately protect Plaintiff's federal rights because Plaintiff has no

27 federal rights —here, the only cause of action is declaratory relief which can be sought in state

28 ///

TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY

4925-8529-1550, v. 1

court. There is no independent cause of action that hinges upon the case being in federal court, this is solely a diversity jurisdiction case.

## IV.    BRILLHART / WILTON ABSTENTION

### A.    Governing Principles – Judicial Administration; Comity; Fairness

Plaintiff's Opposition ignores the fact District Courts, when assessing *Brillhart* abstention, "must balance concerns of **judicial administration**, **comity**, and **fairness** to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991) (emphasis added). District courts sit "in the best position to assess how judicial economy, comity and federalism are affected in a given case." *Dizol*, 133 F.3d at 1226. "So long as it reasonably considers the relevant factors from *Brillhart* and *Dizol*, a district court is authorized as a matter of discretion to stay or to dismiss an action seeking a declaratory judgment." *Id.* (quoting *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280 (9th Cir. 2021) (alterations in original). Thus, in interpreting the *Brillhart* factors, judicial administration, comity, and fairness should guide the court's application of law to fact as to each factor.

Here, all three considerations strongly favor abstention. Plaintiff stipulated to the appointment of a receiver in state court, and now seeks to litigate lien disputes in an the entirely different forum of federal court. Plaintiff has not shown any reason why it cannot litigate lien disputes against any and all named defendants in state court.

### B.    Brillhart Factors; Plus Other Considerations

In addition to the *Brillhart* factors, the Ninth Circuit has suggested that district courts consider the following <u>additional</u> factors:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

///

///

TSB AG INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND (B)(7) OR, IN THE ALTERNATIVE, MOTION FOR STAY

4925-8529-1550, v. 1

1  *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F. Supp. 2d 1121, 1139 (D. Haw. 2010) (quoting
2  *Dizol*, 133 F.3d at 1225 n. 5 (citations omitted)).

3      The federal court will have to assess each set of waiver or subordination provisions
4  independently, so, the issue of 'multiple suits' proceeding in tandem, such that permitting the
5  federal case to proceed at the expense of the state suits, is not really 'cutting down' on the
6  volume of litigation.  The federal suit may serve a useful purpose in adjudicating lien priority,
7  but the state court can accomplish the same goal.  It seems evident the federal suit was
8  brought to 'fence in' the grower defendants and to obtain a 'res judicata' advantage.  As set
9  forth above below, entanglement is inevitable.

10      **C.    Needless Determination of State Law Issues, Especially Novel Issues**

11      Plaintiffs argue the issue of waiver or subordination in the context of Producer's liens is
12  not a novel or unsettled issue.  TSB strongly disagrees.

13      "The *Brillhart* factors remain the philosophic touchstone for the district court. The district
14  court should avoid *needless determination of state law* issues; it should discourage litigants
15  from filing declaratory actions as a means of forum shopping; and it should avoid duplicative
16  litigation.. If there are parallel state proceedings involving the same issues and parties pending
17  at the time the federal declaratory action is filed, there is a presumption that the entire suit
18  should be heard in state court." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.
19  1998) (citing *Robsac,* 947 F.2d at 1371–73; *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361,
20  1366–67 (9th Cir.1991) (emphasis added).  In considering the first *Brillhart* factor, courts often
21  examine whether adjudicating the declaratory judgment action will require the determination
22  of novel questions of state law. *Evanston Ins. Co. v. Harrison*, No. 220CV01672WBSKJN,
23  2020 WL 6784463, at *7 (E.D. Cal. Nov. 18, 2020) (citing *Dalton*, 2012 WL 6088313, at *7;
24  *N.E. Ins. Co. v. Masonmar, Inc.*, No. 1:13–cv–00364 AWI SAB, 2013 WL 2474682, at *3 (E.D.
25  Cal. Jun. 7, 2013)).

26      "Needless determination of state law may occur when: there are parallel state
27  proceedings involving precise state law issues; Congress expressly reserved the area of law
28  for the states; and there is no compelling federal interest, i.e. diversity jurisdiction.  *Keown v.*

*Tudor Ins. Co.*, 621 F. Supp. 2d 1025, 1036 (D. Haw. 2008) (*Continental Cas. Co. v. Robsac Industries*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by* Dizol, 133 F.3d 1220. (where "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir")). "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an uncertain and ephemeral interpretation of state law.'" *Allstate Insurance Co. v. Davis,* 430 F.Supp.2d 1112, 1120 (D. Haw. 2006) (quoting *Mitcheson v. Harris,* 955 F.2d 235, 238 (4th Cir.1992)).

TSB incorporates its arguments from section I.B. as to the novelty and sweeping effect of the legal issues at stake in this case. Plaintiff has not and cannot articulate a reason why it should be in federal court adjudicating Producer's Lien rights when pending state court cases 'tee up' that very issue. As noted in *Robosac*, "federal interest is at its nadir" when jurisdiction is based on diversity. And, if the Court takes Plaintiff's assertions at face value that *GVF Cannery* is not binding on the state or federal courts, comity dictates the federal court should defer to the state court on an issue of this import.

### D. Declaratory Judgment Actions – Unnecessary Entanglement

Plaintiff does not address the issue of entanglement, other than to say Plaintiff asserts there is no pending, parallel, state proceeding.

"*Dizol* noted that the *Brillhart* factors are not exhaustive and suggested additional considerations," including whether the use of a declaratory action will result in entanglement between the federal and state court systems.'" *Delaware Life Ins. Co. v. Alexander*, No. SACV2001667CJCDFMX, 2021 WL 6499940, at *2 (C.D. Cal. Dec. 15, 2021) (quoting *Dizol*, at 1225 n.5.); *see Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1185 (C.D. Cal. 2014) ("the Court finds that this overlap in issues weighs heavily against allowing Plaintiff's declaratory judgment action to go forward, because it entangles the Court with the underlying state court action, as well as results in duplicative litigation").

TSB reiterates that adjudicating Plaintiff's lien rights in ASSI's property held by the receiver in the Tehama County action will necessarily entangle this case with TSB's
///

1    foreclosure suit—and, it will also, insofar as any sweeping proclamations are made, become

2    entangled with the lien disputes of the other grower defendants in this federal suit.

3        **E.    Forum Shopping**

4        Plaintiff asserts it did not 'forum shop' because although it filed the instant proceeding

5    long after TSB filed its suit in Sacramento County, because the Sacramento County case did

6    not "expressly raise the Subordination Agreements and lien priority issues."  Opposition at

7    p. 23.  Plaintiff ignores the fact that under California law, Plaintiff need not plead Defendant's

8    defenses.  Plaintiff ignores the fact Plaintiff's counsel expressly informed TSB's counsel it

9    intended to intervene in the Sacramento County case.  Plaintiff ignores that ASSI or the

10   receiver likely would have brought Plaintiff into the case as a third-party defendant.  Plaintiff

11   ignores the fact that Plaintiff stipulated to entry of the receivership order in the Tehama County

12   state court case.

13       "[T] he best course of action with regard to the second *Brillhart* factor is to follow the

14   Ninth Circuit's decision in *Huth* and find that both parties' strategic maneuvers in the course of

15   this litigation offset each other. Advent prefers state court resolution of this matter while

16   National Union prefers federal court resolution. *Cf. Huth*, 298 F.3d at 804. Because of the

17   considerations discussed supra, and because both parties have jockeyed to move this case to

18   a strategically advantageous forum, the Court finds that the second Brillhart factor favors

19   neither party." *Advent, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, No. 13-CV-00561-

20   LHK, 2013 WL 3483742, at *5–6 (N.D. Cal. July 8, 2013).  TSB filed the Sacramento County

21   action before the receivership action in Tehama County was filed.  TSB has not 'jockeyed' to

22   keep the Sacramento action in state court—it was filed before the instant action and the

23   receivership case.

24       "Yet, there is no question that both parties seek declaratory relief, and the fact that

25   Hartford won the race to the courthouse by several days does not place it in a preferred

26   position. In Wilton, the Court suggested that the order of filing is legally insignificant when it

27   ruled in favor of a state action filed several weeks after a federal action. [citation] In light of

28   these considerations, we cannot hold the district court abused its discretion in its analysis of

1   this factor.  *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002).  TSB
2   did not win a 'race to the courthouse' by mere days.  TSB initiated suit; Plaintiff waited until
3   after the receivership action was filed, and the receiver appointed, to file suit in federal court.

4        Courts examine the "sequence of events" leading to a federal action to determine if a
5   party engaged in forum shopping. *See Int'l Ass'n of Entrepreneurs of Am.,* 58 F.3d at 1270.
6   For example, the Ninth Circuit in *Robsac* found that the plaintiff engaged in forum shopping by
7   filing a federal action in response to pending non-removable state court proceedings.  *Alaska*
8   *Airlines, Inc. v. Schurke*, No. C11-0616JLR, 2013 WL 1898209, at *6 (W.D. Wash. May 6,
9   2013) (citing *Robsac,* 947 F.2d at 1371).

10       By seeking a receivership in state court in one county, waiting months, then filing a suit
11  in federal court (in that same state), Plaintiff is seeking to game the system, increase litigation
12  costs for all parties involved, and move the case to a forum which it deems superior.  Plaintiff
13  tries to downplay the effect of *GVF Cannery* on the instant motion.  While TSB agrees that
14  decision is not binding precedent on a state court or the instant court sitting in the Eastern
15  District, TSB asserts that decision likely carries more weight in federal court.

16  **F.    Parallel Actions**

17       Plaintiff asserts the TSB Sacramento suit and the instant suit are not 'parallel' actions.
18  The Ninth Circuit construes "parallel actions" liberally.   Underlying state actions need not
19  involve the same parties nor the same issues to be considered parallel. "It is enough that the
20  state proceedings arise from the same factual circumstances."  *Keown v. Tudor Ins. Co.*, 621
21  F. Supp. 2d 1025, 1036–37 (D. Haw. 2008) (quoting Golden Eagle, 103 F.3d at 754–55); *see*
22  *Gen. Star Indem. Co. v. JRK Prop. Holdings, Inc.*, No. CV 21-5287-DMG (SKx), 2021 WL
23  6618475, at *2 (C.D. Cal. Dec. 28, 2021); *Evanger's Dog & Cat Food Co., Inc. v. Env't*
24  *Democracy Project*, No. CV 21-08489-RSWL-ASX, 2022 WL 1592828, at *5 (C.D. Cal. May
25  18, 2022).  A "state proceeding [is] parallel to a federal declaratory judgment action when: (1)
26  the actions arise from the same factual circumstances; (2) there are overlapping factual
27  questions . . . or (3) the same issues are addressed by both actions." *Gemini Ins. Co. v. Clever*
28  *Constr., Inc.*, Civ. No. 09–00290 DAE–BMK, 2009 WL 3378593, at *7 (D.Haw. Oct. 21, 2009).

1      As discussed in section II.B., above, the legal disputes at issue in this case arise from

2 the *same set of circumstances* as the receivership case and Sacramento County suit.  The

3 goal of the receivership proceeding is to liquidate assets and pay out claims.  The Order

4 Appointing Receiver and Issuing Preliminary Injunction ("Order") bakes in an understanding

5 that the receiver must yield when a 'good faith' lien priority dispute arises.  If any creditor

6 asserts in good faith that it holds a senior lien [to Plaintiff's lien or Golden State Farm Credit's

7 lien], the Receiver is expressly ""authorized to . . . ascertain the priority of such liens, including

8 commencing or defending any judicial action with respect to such claims . . . ."  Order, at 8:18-

9 21.  As set forth above, Plaintiff will likely be joined as a party in the Sacramento County suit,

10 if not all the other foreclosure suits filed by other grower defendants, as well.

11 **V.    FAILURE TO JOIN NECESSARY PARTIES – 12(B)(7)**

12      As set forth above, while the receiver is not expressly required to ascertain lien priority

13 when a good faith dispute exists, he is expressly authorized to do so.  Order at 8:18-21.

14      Plaintiff asserts receiver has no interest in which order of priority the liens exist.  The

15 dispute directly implicates the receiver because the Order states: "[a]ll such receiver's

16 certificates are issued under the authority of this [Tehama Superior Court] and the liens created

17 by them shall have the same priority as [Golden State Farm Credit's] existing liens on the

18 Collateral and Bank of America's existing liens on the Bank of America Collateral, as

19 applicable."  Order at 17:27-18:2.  Thus, the priority of the receiver's certificates are directly

20 tied to the instant lien dispute.

21 **VI.    CONCLUSION**

22      For all the foregoing reasons, TSB respectfully requests that the Court grant its Motion

23 to Dismiss the First Amended Complaint without prejudice or, in the alternative, stay this

24 proceeding.

25 Dated: February 20, 2025              WANGER JONES HELSLEY PC

26                                   By: _____

27                                      John P. Kinsey
                                   Kathleen D. DeVaney

28                                    Ian J. Quinn
                                   Attorneys for Defendant TSB Ag, Inc.