UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A, <br><br>Plaintiff, <br><br>v. <br><br>CAPITAL MED FARMS, LLC, a California limited liability company; GOLDEN STATE FARM CREDIT, FLCA, a federal Farm Credit System institution; GOOD EARTH PARTNERS LP, a California limited partnership; JIM TRAYNHAM, an individual; JAMIE TRAYNHAM, an individual; MF FARMS, INC., a California agricultural collective; NAVA FARMS, INC., a California corporation; PACIFIC REALTY ASSOCIATES, L.P. dba M&T CHICO RANCH, a Delaware limited partnership; RANDOLPH SALVESON, an individual; SIERRA ORCHARDS, L.P., a California limited partnership; and TSB AG INC., a California Corporation; AFFENTRANGER FARMS, LLC, a California limited liability company; ALLEN JASCHKE, an individual; BARRIOS BROS., INC., a California corporation; CHARLES HERMLE FARMS, INC., a California corporation; DANNA FARMS INC., a California corporation; DARREL PARSLEY, an individual; FEDORA FARMS, INC., a California corporation; GRACIE BELLE FARMS, LLC, a California limited liability company; | No. 2:24-cv-02309-DJC-CKD <br><br><br><br>**ORDER** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | JERRY M. SEIBERT FARMS, INC, a California corporation.; JOE YEUNG FARMS, INC., a California corporation; JUST FARMS LP, a California limited partnership; LINDAUER FARM MANAGEMENT, INC., a California corporation; LLANO SECO MEATS, LLC, a California limited liability company; M & C MYERS, INC. dba MYERS SEED, a California corporation; MARY TRAYNHAM, an individual; MUMMA BROTHERS, a general partnership; NOR CAL NUT CO, a California corporation; PB ORCHARDS, LLC, a California limited liability company; PEARSON FARMS, a general partnership; PUTAH CREEK FARMING CO., a California corporation; RIVER VISTA FARMS LLC, a California limited liability company; ROMINGER BROTHERS FARMS, INC., a California corporation; STRAIN FARMING JOINT VENTURE, L.P., a California limited partnership; and ZANE AMARO d/b/a ZANE AMARO FARMS, an individual.<br><br>                              Defendants. |

Plaintiff Bank of America, N.A. has filed a First Amended Complaint seeking declaratory judgment that a lien it possesses has priority over the liens of a number of Defendants for the same assets.  Three groups of Defendants separately move to dismiss Plaintiff's First Amended Complaint on the ground that there are multiple ongoing lawsuits in state court involving the validity of the parties' liens, thereby requiring federal court abstention from the matter.  (ECF Nos. 42, 58, and 60.)  For the reasons discussed below, the Court finds that, due to the concurrent state court cases— including at least one lawsuit involving Bank of America and Defendants as named parties—that stem from this same dispute and concern the same issue of lien priority, federal court intervention is improper at this juncture.  Accordingly, the Court GRANTS the Motions to Dismiss.

////

**BACKGROUND**

Plaintiff Bank of America ("BOA") is a national banking association based in Charlotte, North Carolina, and a secured lender of Andersen and Sons Shelling, Inc. ("ASSI"), a California corporation that processes and sells nuts. (ECF No. 10, hereinafter "FAC" ¶ 5.) Defendants are California corporations that produced and sold nuts to ASSI. (*Id.* ¶¶ 6-39.) There are three groups of Defendants that have filed pleadings with the Court. The law firm Downey Brand LLP represents Capital Med Farms Charles Hermle Farms, Darrel Parsley, Fedora Farms, Jamie Traynham, Jim Traynham, Joe Yeung Farms, M&C Myers, M&T Chico Ranch, Mary Traynham, MF Farms, Mumma Brothers, Nor Cal Nut Co, River Vista Farms LLC, Rominger Brothers, Sierra Orchards, Strain Farming, Zane Amaro ("Downey Brand Defendants"). The law firm Boutin Jones Inc. represents Nava Farms, Inc., Good Earth Partners, LP, Danna Farms Inc., Putah Creek Farming Co., Gracie Belle Farms, LLC, and Barrios Bros. Inc ("Boutin Jones Defendants"). The law firm Wanger Jones Helsley PC represents TSB Ag, Inc. ("TSB Ag").

ASSI is insolvent and currently in a receivership; it can no longer pay its creditors and those that sold it products, including BOA and Defendants. (*Id.* ¶¶ 43, 68.) All the parties in this case possess liens against ASSI's assets and seek to claim those assets due to ASSI's failure to otherwise pay its debts. (*See id.* ¶¶ 43, 47.) Each of the Defendants' written contracts for delivery of products to ASSI contains a clause entitled "Subordination Agreement," which BOA argues subordinates Defendants' liens to BOA's as a matter of law.[1] (FAC ¶¶ 71-85.) While BOA views its own lien as having priority over all other liens as a result of this language, Defendants have each asserted that their own liens should be serviced first[2] in the various state court

---

[1] BOA acknowledges that one of the Defendants, Golden State Farm Credit, FLCA may have a priority (senior) lien with respect to certain pieces of ASSI's property, but that the Receivership Order to which BOA and Golden State stipulated positions BOA's lien as having first priority. (FAC ¶¶ 82-85.)

[2] In their briefing, the parties identify by name no less than eight related superior court lawsuits, six California Attorney General Market Enforcement Branch actions, and one private arbitration that involve

3

lawsuits, California Attorney General Market Enforcement Branch[3] actions, and an arbitration proceeding against ASSI. (*Id.* ¶ 53.) While BOA is not a party to each of those pending actions, it is a named defendant in at least one: *Golden State Farm Credit, ACA v. Andersen & Sons Shelling, Inc. et al.* ("*Golden State Farm Credit*"), 24-CI-000197 in Tehama Superior Court. (ECF No. 58, Ex. A Copy of *Golden State Farm Credit, ACA v. Andersen & Sons Shelling, Inc. et al.* Complaint.) *Golden State Farm Credit* also involves as parties all grower defendants represented by the law firms Boutin Jones Inc., Downey Brand LLP, and Wanger Jones Helsley PC. (ECF No. 74 ¶¶ 10–14.) Those three law firms represent the defendants in this lawsuit that filed motions to dismiss. (ECF Nos. 42, 58, and 60.) Those firms also represent additional growers implicated by the underlying facts of this case and who are named parties in *Golden State Farm Credit*, but are not named parties to this suit. (ECF No. 74 ¶ 13.)

The Superior Court of California, County of Tehama, appointed David Stapleton as a receiver over ASSI ("the Receiver"). (*Id.* ¶ 69.) The Receiver has indicated that he will not distribute any proceeds or assets from ASSI to creditors until the priority order of the parties' liens is determined. (*Id.* ¶ 4.) In light of this, Plaintiff seeks from this Court a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* that, as a matter of law, its own lien has priority, therefor enabling the Receiver to distribute ASSI's assets to Plaintiff.

The Court held a hearing on March 20, 2025, to discuss the parties' Motions to Dismiss and whether there was an applicable abstention doctrine. On April 3, 2025, Plaintiff and Defendants Capital Med Farms, LLC, Good Earth Partners, LP, and TSB

---

the viability of the parties' liens.

[3] The California Department of Food & Agriculture maintains an optional alternative dispute resolution procedure through which producers such as the Defendants in this case can file a verified complaint with the Market Enforcement Branch alleging violations of California's Food & Agricultural Code. The Department cannot issue judgments but will consider a complaint, a response, and issue factual findings that may lead to further alternative dispute resolution and/or potential disciplinary actions against licensees such as ASSI. (FAC ¶ 52;) *see https://www.cdfa.ca.gov/mkt/meb/Forms/28-012(Verified_Complaint_Instructions).pdf* (last accessed May 2, 2025).

1  Ag, Inc, at the Court's request, filed supplemental declarations detailing recent factual
2  and procedural developments of the ongoing state court litigations.  (ECF Nos. 74,
3  75.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, if the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Twombly*, 550 U.S. at 555.  However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

## DISCUSSION

While the Defendants have identified several abstention doctrines that may apply, the Court determines that abstention is required under the *Brillhart-Wilton* doctrine and will accordingly cabin its analysis to that doctrine.

5

While a district court may have jurisdiction under the Declaratory Judgments Act, there is "no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.* ("*Brillhart*"), 316 U.S. 491, 494 (1942); *see Wilton v. Seven Falls Co.* ("*Wilton*"), 515 U.S. 277, 282 (1995) ("*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.")  When district courts are presented with claims solely for declaratory relief simultaneous with related ongoing state court litigation, the federal court should weigh whether the dispute "can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495.  While there is no "exclusive list of factors governing the district court's exercise of this discretion," one factor a federal court may consider is "the scope of the pending state court proceedings." *Wilton*, 515 U.S. at 282–83 (internal quotations omitted).  *Brillhart* and *Wilton* stand for the proposition that "at least where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' [citation] if it permitted the federal declaratory action to proceed." *Id.* at 283, quoting *Brillhart*, 316 U.S. at 495.

*Brillhart* and *Wilton* are directly on point.  BOA's sole claim in this Court is for relief under the Declaratory Judgment Act. (*See* FAC ¶ 1.)  Yet, BOA's claim is brought under a backdrop of myriad state cases that touch on the same central issue: which party's lien has priority.  The wide scope of the ongoing state court litigation, supplemented by the numerous Market Enforcement Branch and arbitration against ASSI by its creditors, including at least one superior court case which explicitly implicates BOA and Defendants in this central dispute, sways the Court against exercising its jurisdiction in this case.  Indeed, as contemplated in *Brillhart*, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495.

BOA argues that the ongoing state court and other venue cases do not properly raise the lien priority dispute issue, interpretation of the subordination clause allegedly agreed to by Defendants, or the specific dispute between Plaintiff and the Defendants moving to dismiss. (*See* ECF No. 63 at 1–6, No. 64 at 1–6, and No. 65 at 1–7.) BOA further argues that there "is no presumption in favor of abstention for declaratory relief in cases like this one," relying on *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998). (ECF No. 65 at 7.) But *Dizol*, the case cited by BOA, itself recognizes that "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225, citing *Chamberlain v. Allstate Ins. Co.*, 931 F.3d 1361, 1366–67 (9th Cir. 1991).

And here, at least one active Tehama Superior Court case, *Golden State Farm Credit, ACA v. Andersen & Sons Shelling, Inc. et al.* 24-CI-000197, directly raises the lien priority issue and involves BOA and Defendants as named parties. (ECF No. 58, Ex. A, Copy of *Golden State Farm Credit, ACA v. Andersen & Sons Shelling, Inc. et al.* Complaint ¶ 145 (alleging that both Golden State Farm Credit and BOA have moved to claim ASSI's assets) and ¶¶ 146–148 (discussing lien priority between Golden State Farm Credit and BOA). Although *Golden State Farm Credit* does not specifically raise the subordination clause issue identified in the instant suit, that case explicitly involves Golden State Farm Credit's claim that, with the exception of potential claims by BOA, its own liens are senior to all other recorded liens, therefore implicating for the state court the ordering of liens between BOA, Golden State Farm Credit, and the other creditors. (*See id.*)

Further, the Tehama County Superior Court Order Appointing Receiver, to which BOA and Defendants stipulated, clearly contemplates state court as the preferable venue for this dispute. (ECF No. 10 Attachment.) That Order outlines a procedure for filing in the state court any issue related to the Receiver or their ability to perform their duties, including the determination of lien priority and the distribution

of ASSI's assets.  (*Id.* at 26 ("Plaintiffs, Bank of America, Obligors, or the Receiver may at any time apply to this Court . . . for further or other instructions and for further powers necessary to enable the Receiver to perform his duties properly.").)  Moreover, that Order designates the Tehama Superior Court as "hav[ing] and maintain[ing] jurisdiction to hear any such applications and to resolve any disputes or unresolved issues, known or unknown, whether now existing or hereafter arising, related to the Receiver of the Receivership Estate." (*Id.*)  And the Order specifically empowers the Receiver to "ascertain the priority of [] liens, including commencing or defending any judicial action with respect to such claims," and to "make payments to Bank of America . . . in accordance with their respective lien priorities, to the extent determinable by the Receiver." (*Id.* at 8.)  The lien priority order and the Receiver's decision to delay action pending the resolution of the lien priority order both fall under the state court's gamut as stipulated to by the parties; there is no need to subject the parties to additional federal court litigation when the state court has already begun to hear the case and related cases, while reserving jurisdiction for any future or related dispute.

BOA is not precluded from bringing its lien priority claim, including its argument that the other parties signed a subordination clause, in the superior court, or alternatively, is free to raise that issue in the ongoing state court cases.  BOA identifies no pressing reason why federal jurisdiction would be superior to the already established state court jurisdiction.  *See Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), overruled on other grounds by *Dizol*, ("[I]n determining whether to exercise its discretionary jurisdiction to reach the merits in an action for declaratory relief, the dispositive question is . . . whether there was a procedural vehicle available . . . in state court.")  Given the various actions in state court, including at least one action directly involving BOA and Defendants, the Court finds that abstention under *Brillhart-Wilton* is appropriate.  *See Brillhart*, 316 U.S. at

495 ("Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.").

## CONCLUSION

The Court finds that abstention is warranted under the *Brillhart-Wilton* doctrine. The Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 42, 58, and 60).

Dated:  May 5, 2025

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

DJC5 – boa24cv02309.MTD

9